UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY SAHAGUN,

Plaintiff,

v.

DEPUTY THOMPSON, et al.,

Defendants.

Case No.  25-cv-10675-PCP

**ORDER DISMISSING COMPLAINT IN PART AND SERVING COMPLAINT IN PART; GRANTING IFP APPLICATION**

Re: Dkt. No. 5

Henry Sahagun filed a *pro se* civil rights action under 42 U.S.C. § 1983 regarding events that occurred at West County Detention Facility. Dkt. No. 1 ("Compl."). For the reasons stated below, Mr. Sahagun's Complaint is DISMISSED in part and SERVED in part.

## Background

As defendants, Mr. Sahagun sues Deputies Thompson and Wright, Sergeants Chan and Smally, Lieutenant Ryan, and Sheriff Livingston. Compl. at 1, 2.

At all relevant times, Mr. Sahagun appears to have been housed in protective custody in West County Detention Facility. *See generally id*. On November 20, 2025, "during transportation Deputies Thompson [and] Wright failed to lock a door that separates [general population] from [protective custody] inmates." *Id*. at 2. As a result of defendants' failure to separate these groups, Mr. Sahagun and other inmates were attacked. *See id*.

Mr. Sahagun alleges that defendants Chan and Smally did not satisfactorily respond to his grievances regarding the incident. *See id*. at 3.

## Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must

identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## Analysis

### I.     Deputies Thompson and Wright

For screening purposes, Mr. Sahagun states a cognizable Eighth Amendment claim that defendants Thompson and Wright failed to protect him from assault.

The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The mental state required to establish a deliberate indifference claim is well-established. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id*. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See id*. at 842; *see also Robins v. Meecham*, 60 F.3d 1436, 1439–40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate). A plaintiff may meet his burden of showing awareness of a risk by presenting evidence of obvious and blatant circumstances indicating that the prison official knew the risk existed. *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("risk that an inmate might suffer harm as a result of the repeated denial of meals is obvious").

Here, Mr. Sahagun alleged that defendants Thompson and Wright failed to lock a door separating general population and protective custody inmates and that Mr. Sahagun was attacked as a result. The Ninth Circuit repeatedly has recognized that protective custody inmates may be

2

United States District Court
Northern District of California

injured by general population inmates when the two groups encounter one another. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (describing a California policy of housing sex offenders in administrative segregation); *Byerly v. Deputy Warden*, 246 F. App'x 512, 513 (9th Cir. 2007) (considering claim that sex offender was attacked when held in general population).

Liberally construed, Mr. Sahagun has stated a cognizable claim that the failure to separate the two groups may demonstrate deliberate indifference to Mr. Sahagun's safety.

**II.    Sheriff Livingston, Sergeants Chan and Smally, and Lieutenant Ryan**

Mr. Sahagun does not state a cognizable claim against defendants Livingston, Chan, Smally, or Ryan, and the facts reveal that he cannot.

Mr. Sahagun alleges only that Sergeants Chan and Smally did not respond to his grievances in a satisfactory manner. *See* Compl. at 3. It is well-settled that the denial or mishandling of a grievance does not constitute a violation of a prisoner's constitutional rights. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *accord Young v. Voong*, 738 F. App'x 509, 510 (9th Cir. 2018) (same). Accordingly, Mr. Sahagun cannot sue defendants Chan and Smally merely based on how those defendants handled (or did not handle) Mr. Sahagun's grievance against defendants Thompson and Wright.

The Complaint does not reveal any actions taken by defendants Livingston and Ryan that had any effect on Mr. Sahagun whatsoever. Rather, Mr. Sahagun appears to have sued these defendants merely because they are supervisors at the West County Detention Facility. *See* Compl. at 2 (listing their supervisory roles). This is impermissible; under no circumstances is there liability under section 1983 on the theory that one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) ("In a § 1983 suit … each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Accordingly, Mr. Sahagun cannot sue defendants Livingston and Ryan merely because they hold supervisory positions over defendants Thompson and Wright.

United States District Court
Northern District of California

3

Because these defects cannot be cured by amendment, Mr. Sahagun's claims against defendants Livingston, Chan, Smally, and Ryan are DISMISSED WITHOUT LEAVE TO AMEND.

**Conclusion**

1.    Liberally construed, Mr. Sahagun states an Eighth Amendment deliberate indifference claim against defendants Thompson and Wright. All other claims and defendants are DISMISSED.

2.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, Dkt. No. 1, all attachments thereto, and a copy of this order upon **Defendants Deputies Thompson and Wright** at the **West County Detention Facility (5555 Giant Highway, Richmond, CA 94806).**  The Clerk shall also mail a copy of this Order to Mr. Sahagun.

3.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint.  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of Mr. Sahagun, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4.    No later than **ninety-one (91) days** from the date this order is filed, Defendants

shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

        a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that a plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

        c.      If any defendant is of the opinion that this case cannot be resolved by summary judgment, he or she shall so inform the Court prior to the date the summary judgment motion is due. Information regarding the Court's Alternative Dispute Resolution Program is available on the website for the United States District Court for the Northern District of California.

5.      Mr. Sahagun's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Mr. Sahagun is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6.      Defendants **shall** file a reply brief no later than **fourteen (14) days** after Mr. Sahagun's opposition is filed.

7.      All communications by Mr. Sahagun with the Court must be served on defendants or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

**No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.** Mr. Sahagun is advised to read Federal Rule of Civil Procedure 37, which requires each party to "in good faith confer[] or attempt[] to confer with" the opposing party regarding a discovery dispute, before seeking court action to resolve such a dispute.

9.    It is Mr. Sahagun's responsibility to prosecute this case. Mr. Sahagun must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.    Mr. Sahagun's application to proceed *in forma pauperis* is GRANTED. *See* Dkt. No. 5. The initial partial filing fee is $4.00. *Compare* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater) *with* Dkt. No. 5 (identifying Mr. Sahagun's average monthly balance). A copy of this order and the attached instructions will be sent to Mr. Sahagun via U.S. mail, to the West County Detention Facility, and to the court's financial office via email at CAND_Finance@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated:  June 30, 2026

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner

Court's Finance Office
United States District Judge

United States District Court
Northern District of California

7